**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-cv-00893-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00916-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00917-ADA** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HUAWEI TECHNOLOGIES CO.** | § | |
| **LTD. AND HUAWEI** | § | |
| **TECHNOLOGIES USA, INC.,** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

# Table of Contents

I.     Legal Standards ...............................................................................................1

     A.    Claim Construction Generally...............................................................1

     B.    Indefiniteness .........................................................................................2

II.    U.S. Patent No. 7,406,074 (Case No. 6:20-cv-00916).................................2

III.   U.S. Patent No. 7,423,962 (Case No. 6:20-cv-00917).................................2

     A.    "load allocation alternative[s]" (claims 1, 5, 6, 9, 11, 12, 18, 22, 23, 24, 29, 33, 34, 35, 36, 40, 44, 45, 47)" .......................................................2

     B.    "maintenance means for maintaining logical nodes at least in first and second parallel physical cluster nodes capable of transmitting data" (claim 29)................................................................................................3

     C.    "execution means for changing, when a cluster node malfunctions, the load allocation of the logical nodes of the load allocation alternatives, the active logical nodes of which reside in the faulty cluster node, by changing the logical nodes from standbyto active and the active nodes to standby" (claim 29)............................................................................4

     D.    "defining means for defining an individual external routine address for each load allocation alternative, on the basis of which data is transmitted to the network element" (claim 29) ...................................5

     E.    "load allocation means for distributing the traffic in the apparatus on the basis of a specific load allocation plan between the cluster nodes that comprise logical nodes" (claim 32) ...............................................6

     F.    "said maintenance means are also configured to maintain information on a primary and a secondary cluster node associated with the load allocation alternative" (claim 33) .......................................................8

     G.    "changing means for changing load allocation in such a manner that after the switchover of a load allocation alternative, data is transmitted through a physical interface of the backup cluster node to the redundancy unit of the cluster node" (claim 34) .............................8

     H.    "switching means for transmitting data by using a routing address defined for the load allocation alternative even after a switchover of the load allocation alternative" (claim 35)............................................9

     I.     "performing means for performing a switchover of a load allocation

**alternative inside the network element" (claim 36)** ...........................................**10**

**IV.**    **U.S. Patent No. 7,460,658 (Case No. 6:20-cv-00892)** .......................................................**11**

# TABLE OF AUTHORITIES

**Cases**

*3MInnovative Props. Co.* v. *Tredegar Corp.,*
    725 F.3d 1315 (Fed. Cir. 2013)..........................................................................................2

*Acromed Corp. v. Sofamor Danek Group, Inc.,*
    253 F.3d 1371 (Fed. Cir. 2001)..........................................................................................6

*Azure Networks, LLC v. CSR PLC,*
    771 F.3d 1336 (Fed. Cir. 2014)..........................................................................................1

*C.R. Bard, Inc.* v. *U.S. Surgical Corp.,*
    388 F.3d 858 (Fed. Cir. 2004)............................................................................................1

*CloudofChange, LLC v. NCR Corp.*,
    No. 6-19-CV-00513-ADA, 2020 WL 4004810 (W.D. Tex. July 15, 2020)......................1, 2

*Comark Commc'ns, Inc. v. Harris Corp.*,
    156 F.3d 1182 (Fed. Cir. 1998)..........................................................................................1

*Constant* v. *Advanced Micro-Devices, Inc.,*
    848 F.2d 1560 (Fed. Cir. 1988)..........................................................................................1

*Jack Guttman, Inc. v. Kopykake Enterprises, Inc.,*
    302 F.3d 1352 (Fed. Cir. 2002)..........................................................................................2

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014)............................................................................................................2

*Phillips* v. *AWH Corp.,*
    415 F.3d 1303 (Fed. Cir. 2005)..........................................................................................1

*Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*,
    844 F.3d 1370 (Fed. Cir. 2017)..........................................................................................2

*Thorner v. Sony Computer Entm't Am. LLC*,
    669 F.3d 1362 (Fed. Cir. 2012)..........................................................................................1

**Statutes**

35 U.S.C. § 112.............................................................................................................passim

Plaintiff WSOU Investments, LLC d/b/a Brazos License and Development ("WSOU") respectfully submits this claim construction brief in support of its proposed constructions.

## I.     Legal Standards

### A.     Claim Construction Generally

The general rule is that claim terms are generally given their plain-and-ordinary meaning. *Phillips* v. *AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*)*, cert. denied*, 546 U.S. 1170 (2006); *Azure Networks, LLC v. CSR PLC,* 771 F.3d 1336, 1347 (Fed. Cir. 2014), *vacated on other grounds by* 135 S. Ct. 1846, 1846 (2015) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). The plain and ordinary meaning of a term is the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Philips,* 415 F.3d at 1313. "'Although the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant* v. *Advanced Micro-Devices, Inc.,* 848 F.2d 1560, 1571 (Fed. Cir. 1988)). Although extrinsic evidence can also be useful, it is "'less significant than the intrinsic record in determining the legally operative meaning of claim language.'" *Phillips,* 415 F.3d at 1317 (quoting *C.R. Bard, Inc.* v. *U.S. Surgical Corp.,* 388 F.3d 858, 862 (Fed. Cir. 2004)).

This Court recently explained that "[t]he 'only two exceptions to [the] general rule' that claim terms are construed according to their plain and ordinary meaning are when the patentee (1) acts as his/her own lexicographer or (2) disavows the full scope of the claim term either in the specification or during prosecution." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-CV-00513-ADA, 2020 WL 4004810, at *2 (W.D. Tex. July 15, 2020) (quoting *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). "To act as his/her own lexicographer, the patentee must 'clearly set forth a definition of the disputed claim term,' and 'clearly express an intent to define the term.'" *Id.* (quoting *Thorner,* 669 F.3d at 1365). And "[t]o disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must

represent 'a clear disavowal of claim scope.'" *Id.* (quoting *Thorner,* 669 F.3d at 1366). "Accordingly, when 'an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable.'" *Id.* (quoting *3MInnovative Props. Co.* v. *Tredegar Corp.,* 725 F.3d 1315, 1326 (Fed. Cir. 2013)).

### B.   Indefiniteness

The Patent Act requires claims to particularly point out and distinctly claim the subject matter regarded as the inventions. 35 U.S.C. § 112, ¶ 2. To satisfy this requirement, the claim must be read in light of the intrinsic evidence to determine whether it informs one of skill in the art at the time of the invention "about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910-11 (2014). To establish that a claim is indefinite, a patent challenger must prove indefiniteness by clear and convincing evidence. *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

## II.   U.S. Patent No. 7,406,074 (Case No. 6:20-cv-00916)

Neither party currently contends that claim terms of the '713 patent require construction.

## III.   U.S. Patent No. 7,423,962 (Case No. 6:20-cv-00917)

### A.   "load allocation alternative[s]" (claims 1, 5, 6, 9, 11, 12, 18, 22, 23, 24, 29, 33, 34, 35, 36, 40, 44, 45, 47)"

| WSOU's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| directed logical node pair, which indicates the active and standby logical node | Plain and ordinary meaning. |

Consistent with the specification's lexicography, the term "load allocation alternative[s]" should be construed to mean a "directed node in an active state of AAA functionality." WSOU's definition reflects the following lexicography set forth in the Brief Description of the Invention section of the specification: "[a] directed logical node pair, which indicates the active and standby logical node, *is referred to as a load allocation alternative*."[1] '962 patent at 9:9-11. *See Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1360-61, (Fed. Cir. 2002) ("Where,

---

[1] Emphasis is added unless otherwise noted.

2

as here, the patentee has clearly defined a claim term, that definition usually is dispositive; it is the single best guide to the meaning of a disputed term."). Huawei errs in refusing to recognize that the above lexicography controls here. *Id*. The Court should reject Huawei's departure from the scrivener's lexicography.

**B.**   **"maintenance means for maintaining logical nodes at least in first and second parallel physical cluster nodes capable of transmitting data" (claim 29)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** maintaining information on a primary and a secondary cluster node associated with the load allocation alternative | **Function:** maintaining information on a primary and a secondary cluster node associated with the load allocation alternative |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 5:9-29 | **Corresponding Structure:** processor and memory of a network element implementing the algorithms of Fig. 2 and 5:9-29, and equivalents thereof |

The parties are essentially in agreement with respect to this term.[2]

---

[2]   For certain corresponding structure, WSOU has reworded the phrasing listed in its Preliminary Claim Constructions to better highlight any similarities and difference between the parties' constructions. Defendants also modified their construction of this term as part of the meet-and-confer process.

C.    **"execution means for changing, when a cluster node malfunctions, the load allocation of the logical nodes of the load allocation alternatives, the active logical nodes of which reside in the faulty cluster node, by changing the logical nodes from standby to active and the active nodes to standby" (claim 29)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** changing, when a cluster node malfunctions, the load allocation of the logical nodes of the load allocation alternatives, the active logical nodes of which reside in the faulty cluster node, by changing the logical nodes from standby to active and the active nodes to standby | **Function:** changing, when a cluster node malfunctions, the load allocation of the logical nodes of the load allocation alternatives, the active logical nodes of which reside in the faulty cluster node, by changing the logical nodes from standby to active and the active nodes to standby |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to extent an algorithm is necessary, the algorithm at 5:62-6:3.<br><br>Not indefinite. | **Corresponding Structure:** None disclosed<br><br>Indefinite for failure to disclose corresponding structure |

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C. § 112, ¶6 and (b) the recited function. The parties, however, disagree as to the corresponding structure. The correct corresponding structure is "processor and memory of a network element (4:56-61), and equivalents thereof." The specification describes the structure (i.e., the processor and memory of a network element) in exemplary embodiments:

> The present network nodes comprise ***processors*** and ***memory*** that ***can be utilized in the functions of the invention***. All alterations required to implement the invention can be performed as added and updated software routines and/or using hardware-based solutions, such as ASIC (application specific integrated circuit) circuits, or a separate logic.

'962 patent at 4:56-61.

Additionally, the specification provides:

> If a cluster node A, B, C malfunctions, allocation of the PDP contexts, whose active unit this cluster node is, is changed. The active virtual node serving the PDP context is put on standby and the corresponding standby virtual node becomes active, unless it happens to be faulty as well. In this description, the change of the active and standby unit is also referred to as a switchover. When the corresponding standby

4

units become active, they start serving the PDP contexts.

*Id.* at 5:62-6:3.

Accordingly, the corresponding structure is a processor and memory of a network element (4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms disclosed in the specification are recited at 5:62-6:3.

> **D.** **"defining means for defining an individual external routine address for each load allocation alternative, on the basis of which data is transmitted to the network element" (claim 29)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** defining an individual external routine address for each load allocation alternative, on the basis of which data is transmitted to the network element | **Function**: defining an individual external routine address for each load allocation alternative, on the basis of which data is transmitted to the network element |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 6:4-6:12 | **Corresponding Structure**: processor and memory of a network element implementing the algorithms of 7:29-35, and equivalents thereof |

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C. § 112, ¶6 and (b) the recited function. The parties also appear to agree that the corresponding structure at least includes a processor and memory of a network element. The parties, however, disagree as to the algorithm, to the extent an algorithm is necessary. The specification describes the algorithm in exemplary embodiments:

> Each load allocation alternative has an individual external user plane IP address at the Gnor Gp interface for receiving the data packets that arrive at GGSN. This individual address of the load allocation alternative is used as the PDP context address of the active virtual node of the load allocation alternative. It is the feature of the load allocation alternative that is visible at the external interfaces of the network element. The IP address is used to indicate the route through the physical interface of the cluster node A, B, C.

*Id.* at 6:4-12.

Accordingly, the corresponding structure is a processor and memory of a network element (4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms disclosed in the specification are recited at 6:4-12.

Huawei errs by proposing algorithms that only appear in certain embodiments and are not necessary to achieve the claimed function. In particular, Huawei cites 7:29-35 of the specification. But that portion of the specification is specifically made in the context of "yet another preferred embodiment." *Id.* at 7:20. It is also made more broadly under a portion of the specification with a heading "Implementation of the First Embodiment Using an Integral Switch." *Id.* at 6:20-21. In *Acromed Corp. v. Sofamor Danek Group, Inc.,* 253 F.3d 1371, 1382–83 (Fed. Cir. 2001), the Federal Circuit ruled a district court properly refused to impose a requirement to the corresponding structure of a means-plus-function limitation that the diameter of the body portion of the claimed screw be greater than the crest diameter of the threaded portion of the screw, even though that was the screw disclosed in the written description, where the diameter size was unnecessary to achieve the claimed function. Here, it also would be improper to import the Huawei's proposed algorithm when the specification discloses examples that do not necessarily require such an algorithm.

E.     **"load allocation means for distributing the traffic in the apparatus on the basis of a specific load allocation plan between the cluster nodes that comprise logical nodes" (claim 32)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6<br><br>**Function:** distributing the traffic in the apparatus on the basis of a specific load allocation plan between the cluster nodes that comprise logical nodes<br><br>**Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 6:13-18<br><br>Not indefinite. | Subject to 35 U.S.C. § 112, ¶ 6<br><br>**Function:** distributing the traffic in the apparatus on the basis of a specific load allocation plan between the cluster nodes that comprise logical nodes<br><br>**Corresponding Structure:** None disclosed<br><br>Indefinite for failure to disclose corresponding structure |

6

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C. § 112, ¶6 and (b) the recited function. The parties, however, disagree as to the corresponding structure. The correct corresponding structure is "processor and memory of a network element (4:56-61), and equivalents thereof." The specification describes the structure (i.e., the processor and memory of a network element) in exemplary embodiments:

> The present network nodes comprise ***processors*** and ***memory*** that ***can be utilized in the functions of the invention***. All alterations required to implement the invention can be performed as added and updated software routines and/or using hardware-based solutions, such as ASIC (application specific integrated circuit) circuits, or a separate logic.

'962 patent at 4:56-61.

Additionally, the specification provides:

> The traffic in the network element NE may be distributed between the cluster nodes that comprise active virtual nodes on the basis of a specific load allocation plan. The traffic in the network element NE may be distributed between the cluster nodes that comprise standby virtual nodes, whereby the standby virtual nodes are made active.

*Id.* at 6:13-18.

Accordingly, the corresponding structure is a processor and memory of a network element (4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms disclosed in the specification are recited at 6:13-18.

**F.**   **"said maintenance means are also configured to maintain information on a primary and a secondary cluster node associated with the load allocation alternative" (claim 33)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** maintaining information on a primary and a secondary cluster node associated with the load allocation alternative | **Function:** maintaining information on a primary and a secondary cluster node associated with the load allocation alternative |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 6:35-44[3] | **Corresponding Structure:** processor and memory of a network element implementing the algorithms of 6:35-44, and equivalents thereof |

The parties are essentially in agreement with respect to this term.

**G.**   **"changing means for changing load allocation in such a manner that after the switchover of a load allocation alternative, data is transmitted through a physical interface of the backup cluster node to the redundancy unit of the cluster node"  (claim 34)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** changing load allocation in such a manner that after the switchover of a load allocation alternative, data is transmitted through a physical interface of the backup cluster node to the redundancy unit of the cluster node | **Function:** changing load allocation in such a manner that after the switchover of a load allocation alternative, data is transmitted through a physical interface of the backup cluster node to the redundancy unit of the cluster node |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 11:64-12:15 | **Corresponding Structure:** processor and memory of a network element implementing the algorithms of Figs. 3 and 4, 6:35-7:25, and 7:50-8:16, and equivalents thereof |

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C. § 112, ¶6 and (b) the recited function. The parties also appear to agree that the corresponding

---

3   On further reflection, WSOU has modified its proposed construction of this term after serving its Preliminary Claim Constructions.

structure at least includes a processor and memory of a network element. The parties, however, disagree as to the algorithm.  The specification describes the algorithm in exemplary embodiments:

> In an integrated load allocation change or a switchover of a preferred embodiment of the invention, it is possible to use a link layer solution that is based on the idea that the standby units of the load allocation alternative monitor the physical Gi interface Gif and physical Gn interface Gnf of the active units. Another GGSN component can also perform this task. If an error is detected, the standby unit starts to use the alternative physical interface of the faulty unit. Methods for changing the physical interface are described later in Changing of the physical interface of this description. The standby unit can then start to use the alternative physical interface, if it is the standby unit of all the PDP contexts whose active unit the faulty unit is. This can be achieved by indicating routes on the physical interface of the standby unit that replaced the faulty unit. Because the Gn-side changes also need to be made on the Gi-side (and vice versa), a logical Gi interface (or Gn interface) is allocated for each load allocation alternative.

'962 patent at 11:64-12:15.

Accordingly, the corresponding structure is a processor and memory of a network element (4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms disclosed in the specification are recited at 11:64-12:15.

**H.**    **"switching means for transmitting data by using a routing address defined for the load allocation alternative even after a switchover of the load allocation alternative" (claim 35)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** transmitting data by using a routing address defined for the load allocation alternative even after a switchover of the load allocation alternative | **Function:** transmitting data by using a routing address defined for the load allocation alternative even after a switchover of the load allocation alternative |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 10:7-12 | **Corresponding Structure:** processor and memory of a network element implementing the algorithms of 12:24-61, and equivalents thereof |

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C. § 112, ¶6 and (b) the recited function. The parties also appear to agree that the corresponding

structure at least includes a processor and memory of a network element. The parties, however,

disagree as to the algorithm.  The specification describes the algorithm in exemplary embodiments:

> The routing address of the load allocation alternative is used as the PDP context
> address of the active virtual node of the load allocation alternative. It is the feature
> of the load allocation alternative that is visible outside the network element. The IP
> address is used to indicate the route through the physical interface of the cluster
> node.

*Id.* at 10:7-12.

Accordingly, the corresponding structure is a processor and memory of a network element

(4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms

disclosed in the specification are recited at 10:7-12.

I.  **"performing means for performing a switchover of a load allocation alternative inside the network element" (claim 36)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6 | Subject to 35 U.S.C. § 112, ¶ 6 |
| **Function:** "performing a switchover of a load allocation alternative inside the network element | Function: performing a switchover of a load allocation alternative inside the network element |
| **Corresponding Structure:** processor and memory of a network element (4:56-61), and equivalents thereof, and to the extent an algorithm is necessary, the algorithm of 10:34-38 | Corresponding Structure: None disclosed<br><br>Indefinite for failure to disclose corresponding structure |
| Not indefinite. | |

As noted in the above-listed table, the parties agree that (a) this term is subject to 35 U.S.C.

§ 112, ¶6 and (b) the recited function. The parties, however, disagree as to the corresponding

structure. The correct corresponding structure is "processor and memory of a network element

(4:56-61), and equivalents thereof." The specification describes the structure (i.e., the processor

and memory of a network element) in exemplary embodiments:

> The present network nodes comprise ***processors*** and ***memory*** that ***can be utilized
> in the functions of the invention***. All alterations required to implement the

invention can be performed as added and updated software routines and/or using hardware-based solutions, such as ASIC (application specific integrated circuit) circuits, or a separate logic.

*Id.* at 4:56-61.

Additionally, the specification provides:

According to a preferred embodiment of the invention, load allocation is based on routing protocols (routing based link resiliency), in other words, information on a primary and secondary route to the load allocation alternative is maintained inside GGSN.

*Id.* at 10:34-38.

Accordingly, the corresponding structure is a processor and memory of a network element (4:56-61), and equivalents thereof. To the extent an algorithm is required, exemplary algorithms disclosed in the specification are recited at 10:34-38.

**IV.   U.S. Patent No. 7,933,211 (Case No. 6:20-cv-00893)**

Neither party currently contends that claim terms of the '211 patent require construction.

11

Dated: May 28, 2021                    Respectfully submitted,

By:    */s/ Ryan Loveless*
       James L. Etheridge
       Texas Bar No. 24059147
       Ryan S. Loveless
       Texas Bar No. 24036997
       Brett A. Mangrum
       Texas Bar No. 24065671
       Travis L. Richins
       Texas Bar No. 24061296
       Jeffrey Huang
       Brian M. Koide
       Etheridge Law Group, PLLC
       2600 E. Southlake Blvd., Suite 120 / 324
       Southlake, TX 76092
       Tel.: (817) 470-7249
       Fax: (817) 887-5950
       Jim@EtheridgeLaw.com
       Ryan@EtheridgeLaw.com
       Brett@EtheridgeLaw.com
       Travis@EtheridgeLaw.com
       Jhuang@EtheridgeLaw.com
       Brian@EtheridgeLaw.com

       Mark D. Siegmund
       State Bar No. 24117055
       mark@waltfairpllc.com
       Law Firm of Walt, Fair PLLC.
       1508 North Valley Mills Drive
       Waco, Texas 76710
       Telephone: (254) 772-6400
       Facsimile: (254) 772-6432

       *Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on May 28, 2021.

                    */s/ Ryan Loveless*
                    Ryan S. Loveless